KEITH, Circuit Judge, concurring.
CONCURRENCE
I concur in the Court's opinion, except for Section II(C)(2) regarding Officer Stoiker's entitlement to qualified immunity. This case presents many factual disputes, and we are sending it back to the district court for trial to determine whether Officer Stoiker committed constitutional violations. Our circuit has been clear that the issue of qualified immunity may be submitted to a jury only if "the legal question of immunity is completely dependent upon which view of the [disputed] facts is accepted by the jury." Miller v. Sanilac Cty., 606 F.3d 240, 247 (6th Cir. 2010) (quoting Humphrey v. Mabry, 482 F.3d 840, 846 (6th Cir. 2007)); see Brandenburg v. Cureton, 882 F.2d 211, 216 (6th Cir. 1989) (vacating and remanding for a new trial and leaving the issue of qualified immunity to be decided by the jury, even though the appellant raised the issue of *384 qualified immunity on appeal). In Brandenburg, the court stated:
[T]he jury becomes the final arbiter of appellant Sharp's claim of immunity, since the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury. If the jury determines that Sharp fired on Brandenburg without a belief that someone was in danger of serious bodily injury, then as a legal matter no reasonable officer could believe that such gunfire would not violate another's constitutional rights. On the other hand, if the jury believes detective Sharp's version of the facts, he will be entitled to qualified immunity.
882 F.2d at 216; see also McKenna v. Edgell, 617 F.3d 432, 437 (6th Cir. 2010) ("[W]here the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability." (quoting Champion v. Outlook Nashville, Inc., 380 F.3d 893, 899 (6th Cir. 2004))).
This case fits into the narrow category of fact intensive cases where it is appropriate for the jury to decide the issue of qualified immunity only after they decide which party they believe. The circumstances surrounding Officer Stoiker's alleged involvement in the witness statement and related police report of then twelve-year-old Vernon fall squarely into this category because Officer Stoiker's liability is completely dependent upon the jury finding that there is sufficient evidence that he was present and involved in Vernon's coercion. Because the law of withholding exculpatory evidence, fabrication of evidence, and malicious prosecution was clearly established in this context as of 1975, and we are already sending this case back to the district court, instead of the analysis this court provided in Section II(C)(2) above, a jury instruction on immunity could have resolved this issue at trial.